IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO M. CACHO | CIVIL NO. |
| PLAINTIFF | DEFAMATION AND SLANDER |
| vs. | |
| GISC MEDIA GROUP,   JOHN DOE, RICHARD DOE, ABC CORPORATION, DEF INSURANCE COMPANIES | |
| DEFENDANT | |

## COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiff, Roberto M. Cacho, through the undersigned attorney and very respectfully aver and pray as follows:

### I. JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over the subject matter in the captioned case pursuant to 28 U.S.C. § 1332, inasmuch as the Plaintiff was the subject of defamation, which is proscribed under Section 8 of the Constitution of the Commonwealth of Puerto Rico, P.R. Const. Art. II §8; the Libel and Slander Act of 1902, 32 P.R. Laws Ann. §3141-3149; and, Article 1802 of the Puerto Rico Civil Code, 31 P.R Laws Ann. § 5141; the controversy involves citizens of different states; and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

2. Venue lies properly in this United States District Court for the District of Puerto Rico, since the facts alleged in the Complaint occurred in Puerto Rico, and the

controversy is between one citizen of the Commonwealth of Puerto Rico and a corporation, which is a citizen of the State of New York.

## II. THE PARTIES

3. Plaintiff Roberto M. Cacho (hereinafter referred to as "Plaintiff Cacho") is of legal age, and resident of (municipality), Puerto Rico.

4. Upon information and belief, Defendant GISC Media Group (hereinafter "GISC") is a corporation organized under the laws of the State of New York, with its principal place of business in New York City, New York.

5. John Doe and Richard Doe may have contributed to the damages claimed in this complaint, designated under fictitious names because their correct names are unknown at the present.

6. Codefendant ABC Corporation may have contributed to the damages claimed in this complaint, designated under fictitious names because their correct names are unknown at the present.

7. Codefendants DEF Insurance Companies, designated under fictitious names because their correct names are unknown at the present, are insurance carriers organized

8. At all relevant time herein codefendants DEF had in full force and effect insurance policies covering the legal liability of any or all of the defendants for the acts and omissions that give rise to this case.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff Cacho is a recognized real estate developer and financial investor in Puerto Rico and internationally.

10. Plaintiff Cacho is not a public figure, but rather a private person.

11.   GISC Media Group appears as the Administrative Contact of www.viequesno.com/www.paradiseno.com.

12.   The domain registrar for the website www.viequesno.com/www.paradiseno.com is GoDaddy.com , LLC, which has its principal place of business in Scottsdale, AZ.

13.   The website www.viequesno.com/www.paradiseno.com contains malicious defamatory information against Plaintiff Cacho.

14.   The defamatory information published in the aforementioned websites associates Plaintiff Cacho with the murder or Mr. Adam Anhang, indicating that Plaintiff Cacho is a person of interest in the murder of Mr. Anhang and is under investigation for said crime.

15.   Those statements are false and libelous on its face.

16.   The defamatory information published in the aforementioned websites expose Plaintiff Cacho to hatred, humiliation and doubts about his character.

17.   Plaintiff Cacho has never been linked to any investigation related to the murder of Mr. Anhang.

18.   At present, the plaintiff does not know the identity of the person that entered the aforementioned defamatory information in the alluded website.

19.  Upon information that the plaintiff has gathered, the plaintiff believes that the individual that entered the defamatory information against Plaintiff Cacho uses the fictitious names of Charles d Cherrier and/or Charlie Burger.

20.   The plaintiff does not know the whereabouts of said individual.

21.   Once the plaintiff find out the identity of said individual, the plaintiff has the intention to amend this complaint to include him/her as defendant in this action.

22.    The aforementioned defamatory statements have caused Plaintiff Cacho great injury to his reputation and esteem personally and professionally.

23.    The defamatory statements have caused Plaintiff Cacho loss of financing opportunities, difficulties in negotiations with investors and emotional and psychological trauma and suffering.

24.    Plaintiff Cacho has made efforts and extrajudicial claims to obtain the removal of the defamatory information from the aforementioned website but his requests have been ignored.

## IV. FIRST CAUSE OF ACTION:
## SLANDER AND DEFAMATION

25. All averments, statements and allegations contained in paragraphs 1 to 23 above are incorporated by reference as if fully set forth herein.

26. In Puerto Rico, a cause of action for defamation and slander is regulated under: (1) the Bill of Rights contained in the Constitution of the Commonwealth of Puerto Rico; (2) the Libel and Slander Act of 1902; and (3) Article 1802 of the Puerto Rico Civil Code.

27. Plaintiff Cacho's cause of actions against the defendants are premised in that the they published the defamatory information or negligently allowed the publication of the defamatory, slanderous, and libelous declarations.

28.    The declarations were slanderous and defamatory since the defendants negligently and with reckless disregard for the actual truth asserted, or otherwise permitted the publications which falsely assert, that Plaintiff Cacho was being object of investigation for the crime of Mrs. Anhang.

29.    The aforementioned defamatory and slanderous statements published on the Internet are blatantly false.

30.    Those statements were published to harm Plaintiff Cacho's reputation, honor, and private live with negligent or reckless disregard for the truth of the matter asserted.

31.    The defendants had actual knowledge, or should have had knowledge, of the content of the defamatory, slanderous, and libelous comments published and allowed or condoned their publication by negligently disregarding the truth of the matters asserted in www.viequesno.com and/or www.paradiseno.com.

32.    Moreover, Defendant GISC Media Group failed to exercise control over the abusive attacks and defamatory remarks elicited against Plaintiff Cacho to effectively halt such repeated defamatory comments and injurious attacks.

33.    The defamatory comments published are the proximate cause of Plaintiff's damages.

34.    Plaintiff Cacho's reputation has been seriously harmed.

35.    Plaintiff Cacho has been forced to defend his reputation, honor and trust every time someone refer to him the defamatory information that appear in the aforementioned website.

36.    The Plaintiff has experienced shame, embarrassment, and humiliation as a direct result of the false, slanderous, and defamatory declarations published in www.viequesno.com/www.paradiseno.com.

### V. SECOND CAUSE OF ACTION:
### DAMAGES UNDER ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

37.    All averments, statements and allegations contained in paragraphs 1 to 35 above are incorporated by reference as if fully set forth herein.

38.    Article 1802 of the Puerto Rico Civil Code provides where pertinent that "*[a] person who by act or omissions cause damages to another through fault or*

*negligence shall be obligated to repair the damage so done.*" *See* 31 P.R. Laws Ann. § 5141.

39.   Plaintiff suffered damages as a result of the defendants' negligence, and reckless disregard for the truthfulness of the information published on www.viequesno.com/www.paradiseno.com throughout Puerto Rico, the United States, and the world through the internet.

40.   Consequently, Plaintiff Cacho suffered, and continues to suffer, severe mental anguish as a result of the defendant's actions.

41.   Defendants are liable for the emotional damages caused to Plaintiff Cacho in an estimated amount at no less than two million dollars ($2,000,000). This amount will continue to increase until the defendants rectify the false information and defamatory comments elicited and apologizes for their reckless and destructive publishing practice.

42.   Plaintiff Cacho has suffered loss of income due to the defendants' negligence, and reckless disregard for the truthfulness of the information published on www.viequesno.com/www.paradiseno.com throughout Puerto Rico, the United States, and the world through the internet in estimated amount at no less than three million dollars ($3,000,000). This amount will continue to increase until the defendants rectify the false information and defamatory comments elicited and apologizes for their reckless and destructive publishing practice.

43.   The Plaintiff reserve the right to amend the present cause of action as circumstances may warrant.

## VI. PRAYER FOR RELIEF

44.    Plaintiffs respectfully request from this Honorable Court:

A. Award an amount of no less than five million dollars ($5,000,000) to Plaintiff Cacho. This amount will continue to increase until the defendants rectifies the false information and defamatory comments elicited and publicly apologize for their reckless and destructive publishing practice;

B. Award Plaintiff other compensatory damages in an amount to be determined by the trier of fact as sufficient to compensate the Plaintiff for the damages alleged in this Complaint;

C. Award Plaintiffs' attorney's fees and costs incurred; and,

D.  Issue an order to the defendants to cease and desist from making the defamation publication against the Plaintiff.

E.  Issue an order to the defendants to apologize in the aforementioned website for their reckless and destructive publishing practice against the Plaintiff.

F.     Grant Plaintiff any and all other relief to which they may be justly entitled.

### VII. JURY DEMAND

44. The Plaintiff demand a trial by jury on any and all issues triable by Jury.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 11th day of March 2013.

s/ MARÍA I. SANTOS
 USDC PR NO. 213708
Attorney for Plaintiff
Cond. Madrid, Suite 205
Loíza Street 1760
Santurce, Puerto Rico 00911
Tel.: 787-726-0827
Fax: 787-725-5505
E-mail: m.santos.rivera@gmail.com